UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

SEAN L. HARTFIELD,

        Plaintiff,

   v.

OREGON STATE BAR, and Unknown
Individuals (J. Does Nos. 1-10),

        Defendants.

Case No. 3:16-cv-00068 -ST

FINDINGS AND
RECOMMENDATION

STEWART, Magistrate Judge:

## INTRODUCTION

This is an action by plaintiff, Sean L. Hartfield, a lawyer appearing *pro se*, against the Oregon State Bar ("OSB") and Does 1-10 under 42 USC §§ 1983 and 1988 alleging a claim for a violation of his rights under the Equal Protection Clause of the Fourteenth Amendment and a claim for fraud. The claims arise out of disciplinary proceedings against him by the OSB, resulting in a public reprimand issued against him in 2010 for violating Oregon Rule of Professional Conduct 8.4(a)(4) (conduct prejudicial to the administration of justice). He seeks the award of damages in amounts to be determined, litigation costs and expenses, and "such other relief as the Court deems just and proper."

1 – FINDINGS AND RECOMMENDATION

Pursuant to FRCP 12(h)(3), the court "must dismiss the action" if it "determines at any time that it lacks subject-matter jurisdiction." For the reasons set forth below, this action should be dismissed with prejudice for lack of jurisdiction.

## **FINDINGS**

The Eleventh Amendment of the United States Constitution bars citizens from suing in federal court either a state, an agency acting under its control, or a state officer in his official capacity. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 US 139, 144 (1993); *Alabama v. Pugh*, 438 US 781, 782 (1978) (*per curiam*); *Edelman v. Jordan*, 415 US 651, 662-63, 673 (1974). There are two exceptions to the Eleventh Amendment protection: (1) Congress can abrogate the Eleventh Amendment without the consent of the states in certain situations; and (2) a state may waive its immunity by consenting to suit in federal court but must do so by "the most express language or by such overwhelming implication from the text as will leave no room for any other reasonable construction." *Atascadero State Hosp. v. Scanlon*, 473 US 234, 239-40 (1985), quoting *Edelman*, 415 US at 673 (internal quotation marks and brackets omitted).

The OSB is an "instrumentality of the Judicial Department of the government of the State of Oregon." ORS 9.010(2). Because the State of Oregon has not waived its sovereign immunity and Congress has not abrogated it, claims against the OSB in federal court are barred by the Eleventh Amendment. *See e.g.*, *Hirsh v. Justices of Supreme Court of Cal.*, 67 F3d 708, 715 (9th Cir 1995); *Coultas v. Payne*, No. 3:12-cv-11232-AC, 2012 WL 6726247, at *1 (D Or Dec. 27, 2012), citing *Erwin v. Oregon ex rel Kitzhaber*, 231 F Supp2d 1003, 1007 (D Or 2001).

In addition, "States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes" are not "persons" under § 1983. *Doe v. Lawrence Livermore*

*Nat'l Lab.*, 131 F3d 836, 839 (9th Cir 1997), quoting *Will v. Michigan Dep't of State* Police, 491 US 58, 70 (1989).  As noted above, the OSB is an "instrumentality of the Judicial Department of the government of the State of Oregon." ORS 9.010(2).  Therefore, the OSB is not a "person" subject to suit under § 1983.  *Clark v. State of Wash.*, 366 F2d 678, 681 (9th Cir 1966) (bar association is an agency of the state and, therefore, not a person under meaning of § 1983); *Paulson v. Oregon State Bar*, No. 6:13-cv-175-AA, 2013 WL 2659605, at *2 (D Or June 4, 2013).

Adding individuals as Doe defendants does not save this case from dismissal.[1]  Hartfield alleges that the Doe defendants were "agents, employees, officials, staff, and/or representatives of the bar." First Amended Complaint, ¶ 6.  A state official is immune from suits for damages under the Eleventh Amendment absent waiver or congressional abrogation.  *Krainski v. Nevada*, 616 F3d 963, 968 (9th Cir 2010).  The only exception is "where the relief sought is prospective in nature and is based on an ongoing violation of the plaintiff's federal constitutional or statutory rights." *Id* at 967-68 (emphasis omitted).  Hartfield seeks money damages against the Doe defendants and does not seek prospective relief.  Therefore, his claims against the Doe defendants in their official capacity are barred by Eleventh Amendment immunity.

The First Amended Complaint may also allege claims against the Doe defendants in their individual capacity.  However, all of the allegations involve conduct allegedly carried out by them in prosecuting disciplinary action against Hartfield on behalf of the OSB.  State bar prosecutors "are entitled to quasi-judicial immunity so long as they perform functions similar to

---

[1] As a general rule, the use of "John Doe" to identify a defendant is not favored.  *Gillespie v. Civiletti*, 629 F2d 637, 642 (9th Cir 1980) (citation omitted).  However, situations arise where the identity of alleged defendants will not be known prior to the filing of a complaint.  In such circumstances, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds."  *Id* (citations omitted); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 US 340, 351 n13 (1978).

judges and prosecutors in a setting like that of a court." *Hirsh*, 67 F3d at 715. Therefore, the Doe defendants are entitled to dismissal based on quasi-judicial immunity.

Even if any of the Doe defendants may be sued in federal court, the First Amended Complaint suffers from another defect: the § 1983 claim is time barred. Claims based on federal constitutional violations under § 1983 are subject to the analogous state statute of limitations period. *Kimes v. Stone*, 84 F3d 1121, 1128 (9th Cir 1996), citing *Wilson v. Garcia*, 471 US 261 (1985). Oregon's two-year personal injury statute of limitations in ORS 12.110 applies here. *Sain v. City of Bend*, 309 F3d 1134, 1139 (9th Cir 2002). A § 1983 claim accrues when "plaintiffs know or have reason to know of the injury that is the basis of their action." *RK Ventures, Inc. v. City of Seattle,* 307 F3d 1045, 1058 (9th Cir 2002. The Oregon Supreme Court reprimanded Hartfield effective September 23, 2010. First Amended Complaint, ¶ 53 & Ex. 1. All of the disciplinary action implicated in the First Amended Complaint occurred before that date. Therefore, the violations alleged by Hartfield occurred well outside of the applicable two-year statute of limitations period, requiring dismissal based on statute of limitations grounds.

Generally, a *pro se* plaintiff is given the opportunity to amend a complaint and cure any deficiencies identified by the court. However, the deficiencies cannot be cured in this case.

## RECOMMENDATION

For the reasons set forth above, this action should be dismissed with prejudice for lack of jurisdiction.

## SCHEDULING ORDER

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due Monday, February 01, 2016. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## **NOTICE**

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED  January 15, 2016.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge
